UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>      Plaintiff,<br><br>  v.<br><br>HEATHER DIAZ,<br><br>      Defendant(s). | Case No. 1:20-cv-00865-AWI-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE INITIAL DISCLOSURES |

Terrence Jesse Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 4, 2020, the Court issued an order requiring the parties to file scheduling conference statements and to exchange initial disclosures. (ECF No. 30). Defendant filed her scheduling conference statement. (ECF No. 32). Plaintiff did not file a scheduling conference statement, and it appears that Plaintiff did not serve Defendant with a copy of her[1] initial disclosures (*id.* at 3).

The Court has reviewed this case and Defendant's statement. In an effort to secure the just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain

---

[1] Plaintiff is a male-to-female transgender inmate. (*See, e.g.*, ECF No. 1, p. 12; E.D. Cal Case No. 1:20-cv-00397, ECF No. 1).

[2] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

   a. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[5]

   b. All of Plaintiff's medical records related to the incident and/or condition at issue in the case.

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies the documents and/or evidence within thirty days.

3. Parties do not need to produce documents they have already produced or documents that were provided to them by the opposing party.

4. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s)

---

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.  If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response.  If any party files a response to an objection, the Court will issue a ruling on the objection.

Additionally, IT IS ORDERED that Plaintiff has thirty days from the date of service of this order to serve Defendant's counsel with her initial disclosures.  As discussed in the Court's prior order (ECF No. 30), Plaintiff shall provide Defendant's counsel with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [her] claims or defenses, unless the use would be solely for impeachment."  (*Id.* at 3).  Plaintiff shall also provide Defendant's counsel with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [her] possession, custody, or control and may use to support [her] claims or defenses, unless the use would be solely for impeachment."  (*Id.*).[6]

IT IS SO ORDERED.

Dated:   **March 17, 2021**                                    /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE

---

[6] If Plaintiff has already provided Defendant's counsel with her initial disclosures she does not need to re-serve them.