UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>HEATHER DIAZ,<br><br>    Defendant. | Case No. 1:20-cv-00865-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING JUDGE TO ORDER SETTLEMENT CONFERENCE<br><br>(ECF NO. 35) |

      Terrence Jesse Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On April 1, 2021, Plaintiff filed a motion requesting judge to order settlement conference. (ECF No. 35).

      Plaintiff's motion will be denied. On December 3, 2020, Defendant opted out of an early settlement conference in this case, stating that "Defendant has determined that an early settlement conference would not be a productive use of the parties' and this court's time and resources, and that resolution of the case at this stage is unlikely." (ECF No. 29, pgs. 1-2).

      Given the representations made by Defendant, and that this case is still in its early stages (discovery was opened on March 18, 2021 (ECF No. 34)), the Court will not order the parties to participate in a settlement conference at this time.

      The Court notes that Plaintiff may always communicate with defense counsel, including

in writing, regarding the potential of settlement and any settlement offers.  Such communications are confidential under Federal Rule of Evidence 408.  Fed. R. Evid. 408(a)(1)-(2) ("Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.").  Additionally, if the parties ever agree that a settlement conference would be beneficial, defense counsel may contact the Court to arrange for one.  And, before the case goes to trial, the parties will have to participate in a conference.

     Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion requesting judge to order settlement conference is DENIED.

IT IS SO ORDERED.

Dated:   **April 2, 2021**                             /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE