# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>HEATHER DIAZ,<br><br>        Defendant. | Case No. 1:20-cv-00865-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH, WITHOUT PREJUDICE<br><br>(ECF No. 37) |

Terrence Jesse Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 17, 2021, Plaintiff filed a motion to quash a subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3). (ECF No. 37). Plaintiff "moves to quash defendant's subpoena to produce records and notice of privacy rights. The documents being requested come with a fee of $35. Plaintiff is already proceeding in forma pauperis and does not have these funds. Defendant is aware of plaintiff's indigent status and is imposing undue expense. Plaintiff also objects to this pursuant to F.R.C.P. (c)(d)(1)." (Id. at 1).[1]

Plaintiff's motion will be denied, without prejudice. Plaintiff appears to be requesting that a subpoena be quashed because responding would be an undue burden. However, Plaintiff

---

[1] Federal Rule of Civil Procedure (c)(d)(1) does not exist.

1

does not attach a copy of the subpoena.  Nor does he explain what documents are being requested or what entity is supposed to respond to the subpoena.[2]  Given this lack of information, the Court will deny Plaintiff's request, without prejudice to Plaintiff refiling it (or a motion for a protective order) with additional information regarding the request.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to quash is DENIED, without prejudice to Plaintiff refiling the motion (or filing a motion for a protective order) within thirty days.  Any such motion should include a copy of the subpoena (or discovery request) at issue.
IT IS SO ORDERED.

Dated:  **June 22, 2021**            /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff may have misread the request he received from Defendant.  As Plaintiff is a party to this case, if Defendant requested documents from Plaintiff, it was likely through a discovery request and not a subpoena.  If Defendant is requesting documents from Plaintiff through a discovery request, Plaintiff should send his objections directly to Defendant and/or file a motion for a protective order pursuant Federal Rule of Civil Procedure 26(c).